MICHAEL v. JONES.

1. FRAUD—ELEMENTS OF ACTIONABLE FRAUD.

To constitute actionable fraud it must appear with reasonable certainty that defendant made a material representation which was false, made it when he knew it was false or made it recklessly without any knowledge of its truth and as a positive assertion, with the intention that plaintiff act in reliance thereon, and that plaintiff acted in reliance upon it to his injury.

2. SAME—RELIANCE ON FALSE SWORN STATEMENT.

Fact that defendant, a general contractor, made a false representation to bank mortgagee in that plaintiff who was then installing a heater and air-conditioning unit was not included as a subcontractor in obtaining release of mortgage moneys, did not give rise to actionable fraud, where it does not appear that plaintiff was induced to complete the work or extend credit by reason of the sworn statement of defendant who later became bankrupt.

Appeal from Wayne; Webster (Arthur), J. Submitted April 15, 1952. (Docket No. 75, Calendar No. 45,449.) Decided May 16, 1952.

Action by Hans Michael, doing business as Michael Sheet Metal Company, against Eldon H. Jones for installation of heating and air-conditioning unit. Judgment for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 23 Am Jur, Fraud and Deceit § 20.
[2] 23 Am Jur, Fraud and Deceit § 141 et seq.

*Douglas Leo Patterson,* for plaintiff.

*Robert D. Anspach,* for defendant.

Sharpe, J.   This is an action in trespass on the case for the recovery of $1,350.   The material facts are not in dispute.   Plaintiff, Hans Michael, doing business as Michael Sheet Metal Company, was in the business of installing air-conditioning units and furnaces.   Defendant, Eldon H. Jones, is in the general contracting business, and prior to the events giving rise to the present action had entered into a contract with Helm & Lilly for the construction of a market building on Ten Mile road, Oakland county, Michigan.

On June 1, 1948, plaintiff and defendant entered into a contract whereby plaintiff was to furnish and install a heater and air-conditioning unit in the above buildings for the sum of $1,950.   Plaintiff undertook the work and completed the job on or about November 10, 1948.

On June 6, 1948, plaintiff was paid the sum of $600 as a part of the contract price, and thereafter received no further payments.   On October 13, 1948, defendant signed a sworn statement without including plaintiff's name as one of the subcontractors, that he had not employed or procured materials from or subcontracted any person other than those set forth in the sworn statement for the erection of the building.   By virtue of such statement the mortgage funds applied for by the owners of the building were released by the Peoples State Bank of Hazel Park, mortgagee, and disbursed to defendant Jones.   The mortgage was in the amount of $19,000.   On January 8, 1949, defendant was adjudicated a bankrupt, and later received his discharge in bankruptcy.   The bankruptcy proceedings listed an indebtedness to plaintiff.   Subsequently plaintiff began the instant

action. Plaintiff's amended declaration in part reads as follows:

"3. That the defendant in fraud of plaintiff's rights signed a sworn statement that all labor and materials covering the contract installation for and on behalf of the owners, Lilly & Helms Market, in the property at Hilton and Ten Mile road, Oakland county, Michigan, were fully paid, and in further fraud of plaintiff's rights the defendant did willfully and fraudulently and with intent to defraud the plaintiff, furnish said false sworn statement to the People's State Bank of Hazel Park and did effect the release of the moneys from said bank, and did appropriate said moneys which were rightfully belonging to the plaintiff in absolute fraud of plaintiff's rights. And further, that at the time the defendant signed said sworn statement he well and fully knew that he was perpetrating a fraud upon the plaintiff, and further that the defendant has acknowledged the said fraudulent action at a hearing before the United States bankruptcy court for the eastern district of Michigan on February 18, 1949.

"4. That the defendant did on January 8, 1949, file an application with the United States district court to be adjudicated a bankrupt and that upon the hearing the defendant did admit upon cross-examination that he had not listed the plaintiff as a creditor in the sworn statement made to the Peoples State Bank of Hazel Park, and could give no explanation upon said cross-examination in the United States district court as to why he had made a sworn statement to the said Peoples State Bank of Hazel Park that all creditors were listed when he well knew that the plaintiff had not been paid for the material and labor in question, and that he was not listed in the said sworn statement, all to the further fraud of plaintiff's rights."

Defendant relies upon his discharge in bankruptcy as a defense to plaintiff's action. The cause came on for trial, and on May 17, 1951, the trial judge en-

tered a judgment of no cause of action and awarded costs to defendant. Plaintiff appeals, and urges that the evidence produced upon the trial made out a case of actionable fraud against the defendant. In *Candler* v. *Heigho,* 208 Mich 115, we defined the elements necessary to constitute actionable fraud. We there quoted with approval from 20 Cyc, p 13:

"The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery."

In the case at bar plaintiff did not learn of the sworn statement given by defendant until February 3, 1949. The statement was given October 13, 1948, approximately 30 days before plaintiff finished the job of installation of the heater and air-conditioning unit. It does not appear that the giving of the sworn statement in any way influenced plaintiff in the completion of his work, or the extension of credit. In view of this fact in the light of the rule announced in *Candler* v. *Heigho,* plaintiff has failed to make out a case. The judgment is affirmed, with costs to defendant.

North, C. J., and Dethmers, Carr, Bushnell, Boyles, and Reid, JJ., concurred with Sharpe, J.

Butzel, J., concurred in the result.