BOONSTRA v BOONSTRA

Docket No. 166734. Submitted December 21, 1994, at Grand Rapids. Decided April 3, 1995, at 9:35 A.M.

Frank and Marianne Boonstra were granted a judgment of divorce in the Ottawa Circuit Court, Calvin L. Bosman, J. The property settlement provision in the judgment provided that Marianne was entitled to one-half of Frank's pension payable upon his retirement. Approximately 7½ years later, Frank instituted postjudgment proceedings claiming that the court could not award postdivorce pension contributions to Marianne and that she was entitled to only one-half of the pension contributions made while the parties were married. The court determined that, although the judgment of divorce was not ambiguous and had awarded Marianne postdivorce pension contributions, the court had erred in awarding the postdivorce contributions. The court held that, in spite of this error, it could not award Frank relief under either MCR 2.611 or 2.612(C)(1)(a)-(c), because the time limitations for claiming error under those rules had expired. The court determined that even though it erred in granting the postdivorce contributions, it did have jurisdiction to make the grant on the basis of MCL 552.18(1); MSA 25.98(1). The court found its prior judgment to be voidable, not void, and determined that the attack on the judgment was not timely. Frank appealed.

The Court of Appeals held:

1. The circuit court had subject-matter jurisdiction to adjudicate the parties' rights to the postdivorce pension contributions. The language of MCL 552.18(1); MSA 25.98(1) does not limit the court's jurisdiction to pension contributions made within the confines of the marriage.

2. The trial court did not err in refusing to grant Frank's requested relief pursuant to MCR 2.612(C)(1)(f). Frank's 7½-year delay in contesting the trial court's specific grant put any

REFERENCES

Am Jur 2d, Divorce and Separation §§ 905-908.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

error in the specific grant beyond review by the Court of Appeals. The trial court properly denied the requested relief. Affirmed.

DIVORCE — PROPERTY SETTLEMENTS — PENSION BENEFITS.

Pension benefits are assets to be considered part of the marital estate subject to distribution within the discretion of the trial court; a trial court, in its discretion, may distribute such assets, including pension contributions made before or after the marriage; MCL 552.18(1); MSA 25.98(1) does not limit a trial court's jurisdiction with regard to pension contributions by the parties to contributions made during the marriage.

*Idema & Keyser, P.C.* (by *Joseph H. Doele*), for Frank Boonstra.

*Scholten & Fant, P.C.* (by *R. Neal Stanton*), for Marianne Boonstra.

Before: NEFF, P.J., and SAWYER and J. P. JOURDAN,* JJ.

NEFF, P.J. Plaintiff appeals as of right from an order of the circuit court denying his motion for entry of a qualified domestic relations order (QDRO).[1] We affirm.

I

Plaintiff and defendant divorced in 1985 after approximately twenty-four years of marriage. The property settlement provision in the parties' judgment of divorce provided for the distribution of plaintiff's pension benefits in the following manner:

IT IS FURTHER ORDERED AND ADJUDGED that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although the title on plaintiff's motion suggests it was for entry of a QDRO, the relief plaintiff actually sought was an amendment of the judgment of divorce.

Defendant, Marianne Boonstra, shall be entitled to
. . . one-half of Plaintiff's pension payable upon
his retirement.

Neither party contested the validity of any part of
the judgment, including this provision.

In 1993, in the course of examining an early-
retirement option, plaintiff discovered that Ciba-
Geigy Pension Plan, the company processing his
pension benefits, interpreted the judgment of di-
vorce as requiring half of the total amount of the
monthly pension benefits to be paid to defendant.
This amount includes contributions made after the
parties' divorce.

Plaintiff then instituted this postjudgment ac-
tion claiming that the court could not award post-
divorce pension contributions to defendant and
seeking to have the court order that defendant
was entitled to only those pension contributions
made while the parties were married. Plaintiff's
counsel argued that he was not seeking to modify
the divorce judgment, but merely to have the
judgment properly interpreted.

Defendant argued in response that plaintiff
failed to cite any authority that would allow him
to bring this action 7½ years after the entry of the
judgment of divorce. Defendant also argued that
the award was not ambiguous and it needed no
interpretation or modification.

The circuit court, in its written opinion, deter-
mined that although the 1985 judgment was not
ambiguous, and that it awarded defendant postdi-
vorce pension contributions, the court had erred in
awarding the postdivorce contributions. The court
held that, in spite of this error, it could not award
plaintiff's requested relief under either MCR 2.611
or 2.612(C)(1)(a)-(c), because the time limitations

for claiming error under those court rules had expired.[2]

The court went on, however, to examine whether it had jurisdiction to grant this type of pension benefit. According to the court, if it lacked such jurisdiction, it could grant plaintiff's requested relief pursuant to MCR 2.612(C)(1)(d).[3] The court determined that even though it erred in granting the postdivorce contributions, it did have jurisdiction to make the grant on the basis of MCL 552.18(1); MSA 25.98(1). Accordingly, it found its judgment voidable, not void, and determined that plaintiff's attack on the judgment was not timely. The circuit court also denied plaintiff's motion for reconsideration.

II

We first examine whether the circuit court had subject-matter jurisdiction to adjudicate the parties' rights to postdivorce pension contributions. We find that circuit courts enjoy such jurisdiction.

A court's jurisdiction in divorce matters is strictly statutory. *Stamadianos v Stamadianos,* 425 Mich 1, 5; 385 NW2d 604 (1986). Two statutes define the circuit court's power to distribute pensions. MCL 552.18(1); MSA 25.98(1) provides:

> Any rights in and to vested pension, annuity, or retirement benefits, or accumulated contributions in any pension, annuity, or retirement system, payable to or on behalf of a party on account of service credit accrued by the party during marriage shall be considered part of the marital estate subject to award by the court under this chapter.

[2] Plaintiff did not request his relief based on these court rules, the court considered them sua sponte.

[3] See n 2, *supra.*

MCL 552.101(4); MSA 25.131(4) provides:

> Each judgment of divorce or judgment of separate maintenance shall determine all rights of the husband and wife in and to all of the following:
>
> (a) Any pension, annuity, or retirement benefits.
>
> (b) Any accumulated contributions in any pension, annuity, or retirement system.
>
> (c) Any right or contingent right in and to unvested pension, annuity, or retirement benefits.

In construing jurisdictional statutes, retention of jurisdiction is presumed, and any intent to divest a court of jurisdiction must be clearly and unambiguously stated. *In re Waite,* 188 Mich App 189, 202; 468 NW2d 912 (1991).

Plaintiff argues that the language in MCL 552.18(1); MSA 25.98(1) limits the court's jurisdiction to contributions made "during the marriage."

We disagree. This language does not expressly restrict the circuit court's jurisdiction to pension contributions made within the confines of the marriage. Although that statutory provision provides that pension contributions made during the marriage must be considered, it does not expressly provide that contributions made before or after the marriage may not be considered. That is, the language is inclusive and mandates what *must* be taken into account, but does not exclude consideration of other contributions. See *Booth v Booth,* 194 Mich App 284, 291; 486 NW2d 116 (1992). Nothing in the language of the two statutes can be construed as a clear and unambiguous divestiture of jurisdiction.

We are in agreement with the opinion of MURPHY, J., concurring in part and dissenting in part, in *Kurz v Kurz,* 178 Mich App 284, 299-301; 443 NW2d 782 (1989), and adopt his reasoning as our

own. Pension benefits are assets to be considered part of the marital estate subject to distribution in the discretion of the circuit court. See *Sands v Sands,* 442 Mich 30, 34; 497 NW2d 493 (1993). To hold otherwise would be to restrict the ability of the trial court to reach one of the primary objectives of any divorce proceeding: to arrive at a property settlement that is fair and equitable in light of *all* the circumstances. *Ackerman v Ackerman,* 163 Mich App 796, 807; 414 NW2d 919 (1987). In order to ensure that equity can be done, the trial court's discretion must not be restricted unduly with regard to the distribution of assets, including premarriage and postdivorce pension contributions.

Accordingly, we conclude that the circuit court had the jurisdiction to consider postdivorce pension contributions in its award.

### III

Plaintiff also argues that the circuit court erred in refusing to grant his requested relief pursuant to MCR 2.612(C)(1)(f). We find no error in the court's ruling.

We already have determined that courts may properly consider postdivorce pension contributions. Thus, whether the court erred in this specific grant, for instance if it failed to properly apply MCL 552.23(1); MSA 25.103(1), is not before us. Plaintiff's 7½-year delay in bringing this action has put any such error beyond our review. See MCR 7.204 and *Altman v Nelson,* 197 Mich App 467, 478; 495 NW2d 826 (1992).

We conclude that the circuit court properly denied plaintiff his requested relief.

Affirmed.