McMICHAEL v McMICHAEL

Docket No. 171983. Submitted July 18, 1996, at Detroit. Decided July 26, 1996, at 9:10 A.M.

Mike M. McMichael was granted a judgment of divorce from Jacqueline Y. McMichael following a bench trial in the Marquette Circuit Court, Michael J. Anderegg, J. The parties had been married to each other once before and that marriage had ended when a judgment of divorce was granted by an Arkansas court. The divorce decree from Arkansas did not mention Mike McMichael's pension from the United States Air Force, allegedly because it had not vested at that time. In the judgment entered in the Marquette Circuit Court, the court considered the total sixteen years that the parties were married, the first marriage of ten years and the second marriage of six years and, as a matter of equity, awarded Jacqueline McMichael one-half of the retirement benefits that Mike McMichael earned during those sixteen years. The plaintiff appealed from the portion of the judgment that awarded the defendant a fifty percent interest in the pension benefits earned during the first marriage.

The Court of Appeals *held*:

1. The trial court properly concluded that collateral estoppel did not apply and that the defendant was not precluded from litigating the issue regarding the prior-acquired benefits. The issue regarding the pension was not actually litigated or necessarily decided in the Arkansas divorce.

2. The trial court's treating the two marriages as one for purposes of the division of prior-acquired benefits was not necessary. The trial court did not err in concluding that under the circumstances the award to the defendant of forty percent of the plaintiff's pension benefits accrued during the two marriages was fair and equitable.

Affirmed.

1. DIVORCE — PROPERTY DIVISION — PREVIOUSLY ACQUIRED PROPERTY — PENSION BENEFITS.

Property rights acquired before marriage normally are not subject to division upon divorce; however, a court may include in the division of marital property pension benefits that accrued before marriage

where use of those benefits is necessary to achieve suitable support of the family, giving consideration to the ability of either party to pay, the character and situation of the parties, and all other circumstances of the case (MCL 552.23; MSA 25.103).

2. Divorce — Property Settlements — Pension Benefits.

Pension benefits are assets to be considered part of the marital estate subject to distribution within the discretion of the trial court; a trial court, in its discretion, may distribute such assets, including pension contributions made before or after the marriage; MCL 552.18(1); MSA 25.98(1) does not limit a trial court's jurisdiction with regard to pension contributions by the parties to contributions made during the marriage.

*Osstyn, Bays, Ferns & Quinnell* (by *William B. Ferns*), for the plaintiff.

*McDonald, Marin & Kipper* (by *Paul M. Marin*), for the defendant.

Before: Hood, P.J., and Griffin and J. F. Foley,* JJ.

Per Curiam. Plaintiff appeals as of right that portion of the circuit court's judgment of divorce that awards defendant a portion of his pension benefits that accrued during the parties' first marriage (prior-acquired benefits). We affirm.

Plaintiff and defendant were first married on October 19, 1974, and divorced in Arkansas on September 28, 1984. Three children were born to the parties during their first marriage: Gary, eighteen years of age at the time of trial, Michael, sixteen, and Tessa, thirteen. Gary resides with plaintiff while the two minor children reside with defendant. The parties remarried each other on April 4, 1987. They divorced on September 24, 1993. No additional children were born to the parties during their second marriage.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The divorce judgment followed a one-day bench trial. Plaintiff testified that he was thirty-nine and an E-7 Master Sergeant aircraft mechanic on active duty in the United States Air Force since 1974. Defendant was thirty-seven at the time of trial. She was unemployed at the time of trial but had recently worked as a receptionist for $6 an hour for twenty hours a week. Defendant had a general equivalency diploma (GED) and a certificate for a year and a half of vocational school and business training. There were several allegations of fault against each party. Plaintiff was to begin receiving pension benefits on May 1, 1994, when he planned to retire. He believed the payments would amount to $926 a month.

The trial court added together the duration of both marriages and awarded defendant one-half of those benefits that plaintiff earned over the sixteen years the parties were married. (This amounts to forty percent of the pension, or $378.74 a month.) The court did not award any pension to defendant for the interim period during which the parties were not married. The court explained that it was awarding the pension in this way because there was mutual fault in the divorce, the pension appeared to be plaintiff's sole source of support, the law of pension division has been developing rapidly in recent years with courts becoming more willing to grant a share in a pension to a spouse following a longstanding marriage, the Arkansas judgment did make provision for a property settlement, and, as a matter of equity and fairness, the court should

> award the pension as though the marriage were a sixteen year marriage, and not a six year marriage, and that is my view of the equities of the case. I could be wrong about it. I

may be wrong as a matter of law, but if [I] am, Mr. McMichael, I think what you will have to do is talk with your lawyer about taking an appeal of that decision that I have made, and having it looked at by a higher court, but it is my view of the equities of the situation that we should consider this as a sixteen year marriage for purposes of awarding rights in the pension.

Plaintiff moved for a new trial. He argued that the trial court had improperly relied on non-Michigan authority, *Anderson v Anderson*, 13 Ohio App 3d 194; 468 NE2d 784 (1984), to combine the duration of the two marriages, that the award of prior-acquired benefits was precluded by the Arkansas divorce decree, and that the court should follow the *Kilbride v Kilbride*, 172 Mich App 421; 432 NW2d 324 (1988), line of cases that held that prior-acquired benefits cannot be treated as marital assets.

The trial court denied plaintiff's motion on the basis of the "equity of the situation." The trial court observed that the parties had been married a considerable length of time and that there were very few assets of any kind to be distributed. Addressing the claim of collateral estoppel, the court noted that the Arkansas divorce decree did not mention the pension and there was no indication that the Arkansas divorce court gave any consideration to any future rights defendant might have in the pension.

Plaintiff's sole issue on appeal is whether the trial court erred in awarding defendant a fifty percent interest in the pension benefits earned during the first marriage (i.e., twenty-five percent of the total pension, or $236.71 a month). Plaintiff appeals only that portion of the award to defendant. He does not dispute the award to defendant of half of the pension

benefits that he earned during the second marriage (i.e., fifteen percent of the total pension, or $142.03 a month).

Plaintiff first argues that because the 1984 divorce judgment actually and necessarily determined all of defendant's rights in his pension with regard to the period of the first marriage, she is precluded from relitigating her share of plaintiff's pension with regard to that period of marriage. We disagree. The applicability of collateral estoppel is a question of law to be reviewed de novo. *Husted v Auto-Owners Ins Co*, 213 Mich App 547, 555; 540 NW2d 743 (1995). Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding. *Porter v Royal Oak*, 214 Mich App 478, 485; 542 NW2d 905 (1995).

In this case, there is no evidence in the record that the issue of the pension was actually litigated or necessarily decided in the Arkansas divorce. The decree is silent with regard to the pension. Defendant testified that the reason the Arkansas decree was silent about the pension is that she was unaware that it existed then. Additionally, in his brief on appeal, plaintiff states that

> at the time of that first divorce in 1984, the Plaintiff did not have a vested interest in a military pension, and had in fact only served 50% of the time that was necessary in order to vest his pension.

Thus, plaintiff himself in effect concedes that the pension was not considered in the Arkansas proceedings.

Furthermore, plaintiff has failed to provide this Court with any Arkansas authority to support the contention that in 1984 the Arkansas divorce courts were compelled to rule regarding the allocation of unvested pension benefits. Having reviewed Arkansas law, we find that at the time the parties were divorced, the Arkansas court that presided over the parties' 1984 divorce proceeding was not required to consider plaintiff's unvested pension. See *Durham v Durham*, 289 Ark 3; 708 SW2d 618 (1986); *Day v Day*, 281 Ark 261; 663 SW2d 719 (1984). We therefore conclude that the trial court properly determined that collateral estoppel did not apply and defendant was not precluded from litigating the issue of prior-acquired benefits.

Plaintiff further argues that the trial court erred in relying on *Anderson, supra*, to "tack" the marriages together for property division purposes.[1] However, the trial court in the instant case denied that it relied on *Anderson*. In fact, in granting defendant a portion of the prior-acquired benefits, it stated that it acted according to the "equities of the case." Therefore, this issue is without merit and an analysis and application of *Anderson* is unnecessary to resolve this issue.

Plaintiff claims that the trial court erred in granting defendant the portion of his pension that accrued during the first marriage because prior-acquired pension benefits may not be divided as marital property. We disagree. In deciding the instant case, this Court must first review the trial court's findings of facts

---

[1] The *Anderson* court determined that it would enter an order to make payments under 10 USC 1408(d)(2) when the parties had been married a total of ten years, regardless of whether the ten years of marriage were consecutive.

under the clearly erroneous standard. *Sparks v Sparks*, 440 Mich 141, 150; 485 NW2d 893 (1992). If the findings are upheld, we must decide whether the dispositive ruling was fair and equitable in light of those facts. *Id.*, pp 150-151. The ruling should be affirmed unless this Court is left with a definite and firm conviction that a mistake has been made. *Id.*, p 151.

Plaintiff incorrectly contends that the court should have followed the *Kilbride, supra,* line of cases that held that prior-acquired benefits cannot be treated as marital assets. Previously, a conflict existed in this Court with regard to whether a pension accrued before a marriage may be divisible. The *Kilbride* line of cases on which plaintiff relies held that the portion of a pension that accrued before the marriage could not be considered part of the marital estate subject to distribution. *Lesko v Lesko*, 184 Mich App 395; 457 NW2d 695 (1990); *Kurz v Kurz*, 178 Mich App 284, 292; 443 NW2d 782 (1989). The *Kilbride* line of cases relied in large part on MCL 552.18(1); MSA 25.98(1), which provides:

> Any rights in and to vested pension, annuity, or retirement benefits, or accumulated contributions in any pension, annuity, or retirement system, payable to or on behalf of a party on account of service credit accrued by the party during marriage shall be considered part of the marital estate subject to award by the court under this chapter.

However, in *Rogner v Rogner*, 179 Mich App 326, 329; 445 NW2d 232 (1989), the defendant argued that the trial court erroneously divided his pension equally where one-third of the pension accrued before the marriage. In *Rogner*, this Court, while recognizing that property rights acquired before the marriage nor-

mally are not subject to division, determined that the trial court did not abuse its discretion by including pension benefits attributable to service before the marriage in its division of property, setting forth the following rationale:

> The major consideration is the security of the family and the court may utilize any property in the real and personal estate of either party to achieve suitable support for the family as the court "considers just and reasonable after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case." MCL 552.23; MSA 25.103. [*Rogner*, pp 329-330.]

This Court resolved the conflict in *Booth v Booth*, 194 Mich App 284, 290-291; 486 NW2d 116 (1992), and followed *Rogner, supra*, as the better-reasoned approach. The *Booth* Court held that "pension benefits accrued before marriage may be the subject of a division of property." *Id.*, p 291. The *Booth* Court further stated, *id.*, quoting MCL 552.23(1); MSA 25.103(1)[2], that the trial court may include those pension benefits that accrued before the marriage if such treatment is "just and reasonable, after considering the ability of either party to pay and the character

---

[2] MCL 552.23(1); MSA 25.103(1) provides:

> Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage as are committed to the care and custody of either party, the court may further award to either party the part of · the real and personal estate of either party and alimony out of the estate real and personal, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case.

and situation of the parties, and all the other circumstances of the case."

More recently, in *Boonstra v Boonstra*, 209 Mich App 558, 562; 531 NW2d 777 (1995), in discussing whether the court's jurisdiction was limited to contributions made "during the marriage," this Court stated:

> This language [in MCL 552.18(1); MSA 25.98(1)] does not expressly restrict the circuit court's jurisdiction to pension contributions made within the confines of the marriage. Although that statutory provision provides that pension contributions made during the marriage must be considered, it does not expressly provide that contributions made before or after the marriage may not be considered. That is, the language is inclusive and mandates what must be taken into account, but does not exclude consideration of other contributions.

The *Boonstra* Court held that "[p]ension benefits are assets to be considered part of the marital estate subject to distribution in the discretion of the circuit court." *Id.*, *p 563*. The Court also reiterated that one of the primary objectives of any divorce proceeding was "to arrive at a property settlement that is fair and equitable in light of all the circumstances." *Id.* Further, "[i]n order to ensure that equity can be done, the trial court's discretion must not be restricted unduly with regard to the distribution of assets, including premarriage and postdivorce pension contributions." *Id.*

In the present case, the trial court discussed treating the two marriages as one. However, we find that treating the two marriages as one for purposes of the division of prior-acquired benefits was not necessary. *Id.*; *Booth, supra.* In any event, the trial court also found that the division of the prior-acquired pension

benefits was equitable because there was mutual fault in the divorce, the pension appeared to be plaintiff's sole source of support, the parties were married for a considerable length of time, and there were very few assets of any kind to be distributed. We find that the trial court's findings were not clearly erroneous. We also conclude that under the circumstances of this case, the trial court's award of forty percent of plaintiff's pension benefits accrued during the two marriages was fair and equitable.

Affirmed.