VANDER VEEN v VANDER VEEN

Docket No. 201238. Submitted March 10, 1998, at Grand Rapids. Decided March 31, 1998, at 9:00 A.M.

Margaret W. Vander Veen obtained a divorce from Carl E. Vander Veen in the Ottawa Circuit Court, Calvin L. Bosman, J. The plaintiff appealed to challenge the trial court's calculation of the plaintiff's share of the defendant's pension. The defendant's lump-sum pension was for thirty-two years of service. The parties' marriage covered the last 5 ½ years of those thirty-two years. The trial court determined the divisible portion of the defendant's pension by dividing 5 ½ by 32 and multiplying the resulting quotient by the lump-sum amount. The trial court then awarded the plaintiff half of the divisible portion of the defendant's pension.

The Court of Appeals *held*:

A coverture factor is applied when determining the divisible portion of a pension earned before and during the marriage. The coverture factor is the fraction whose numerator is the years of marriage and whose denominator is the years of pensionable employment. The trial court did not err in calculating the divisible portion of the defendant's pension.

Affirmed.

DIVORCE — PROPERTY DIVISION — PENSIONS EARNED BEFORE AND DURING MARRIAGE.

A pension earned before and during a marriage is properly divided between divorcing parties by applying a coverture factor to the pension benefits; the coverture factor is a fraction whose numerator is the years of marriage and whose denominator is the years of . pensionable employment (MCL 552.18[1]; MSA 25.98[1]).

*Hann, Evenson & Hamilton, P.C.* (by *Donald H. Hann*), for the plaintiff.

*Cunningham Dalman, P.C.* (by *David M. Zessin*), for the defendant.

Before: MARKEY, P.J., and GRIFFIN and WHITBECK, JJ.

PER CURIAM. In this divorce case, plaintiff challenges the trial court's method for determining the portion of defendant's pension attributable to their marriage, where defendant worked for almost thirty-two years to earn the pension but was married to plaintiff for only the final 5-1/2 years before he retired. The trial court determined that one-fifth of the total value of the pension was attributable to the marriage and awarded plaintiff half that amount. We affirm.

The facts of the case are not in dispute. Defendant and plaintiff were married on May 26, 1990. Many years before their marriage, in 1956, defendant began working for Consumers Power. He worked for twenty-six years before becoming disabled in 1981. He resumed work on April 19, 1990, five weeks before he married plaintiff. Defendant retired from Consumers Power on December 30, 1995, after almost thirty-two years of service and accepted a lump-sum pension payment of $205,489.66. Plaintiff filed for divorce on August 12, 1996, after six years of marriage.

The trial court decided to distribute the marital assets evenly. The court calculated the portion of the pension that was attributable to the marriage by taking the number of years of marriage in which defendant was earning his pension (approximately 5-1/2) divided by the total years of service to Consumers Power in which defendant was earning this pension (approximately thirty-two), and then multiplying the percentage created by this fraction with the total value of the pension ($205,489.66). Relying on an expert from Consumers Power, the trial court found

that $41,943.15 constituted a marital asset and awarded plaintiff half that amount.[1]

When determining property rights in a divorce, the trial court may apportion all property that has come to either party by reason of the marriage. *Byington v Byington*, 224 Mich App 103, 110; 568 NW2d 141 (1997). The assets earned by a spouse during the marriage are properly considered part of the marital estate. *Id.* The trial court must strive to provide an equitable division of an increase in the net worth from the beginning to the end of the marriage. *Id.* at 113. Here, the parties recognize that the trial court decided to divide the marital assets equally between them and do not contest that point. The only question in this appeal is whether the trial court properly determined the portion of the pension that was earned or acquired during the course of the parties' marriage.

In Michigan, the divorce code specifically states that rights to a vested pension are part of the marital estate:

> Any rights in and to vested pension, annuity, or retire-
> ment benefits, or accumulated contributions in any pension,
> annuity, or retirement system, payable to or on behalf of a
> party on account of service credit accrued by the party dur-
> ing marriage shall be considered part of the marital estate

---

[1] In reaching the amount, $41,943.15, the expert from Consumers Power did not simply determine the fraction and multiply the percentage created by the fraction with the lump-sum value of $205,489.66. He used a more complex calculation used by Consumers Power to determine what would have been the value of the pension if defendant had worked only five and a half years for Consumers Power while he was married to plaintiff. Neither of the parties raises the point that this calculation might produce a different result. Hence, we do not address it.

subject to award by the court under this chapter. [MCL 552.18(1); MSA 25.98(1).]

This Court has previously addressed the issue of how to calculate the portion of a pension that is attributable to a marriage when the period in which the pension was earned includes time in which the employee spouse was not married to the other party. See *Kilbride v Kilbride*, 172 Mich App 421, 438-439; 432 NW2d 324 (1988). Although *Kilbride* has been partially overruled by this Court, the analysis that was rejected is not implicated in the present case.[2]

In *Kilbride, supra* at 439, this Court endorsed a method for calculating the value of a pension when the employee earned part of it while not married to the other party. After calculating the monthly benefit that the employee spouse would receive from that employee's pension,[3] the Court, *id.* at 439, indicated that the monthly benefit must be reduced by the "cov-

---

[2] In *Kilbride, supra* at 436-437, this Court interpreted MCL 552.18(1); MSA 25.98(1) and held that only an accrual of a pension benefit that occurred during the marriage could be considered as a marital asset and not an accrual that occurred before or after the marriage. See also *Kurz v Kurz*, 178 Mich App 284, 292; 443 NW2d 782 (1989). This Court refused to follow this holding in *Rogner v Rogner*, 179 Mich App 326, 329-330; 445 NW2d 232 (1989), because it determined that the trial court could consider pension benefits as part of the marital estate even if accrued before the marriage. This Court later resolved the conflict in favor of *Rogner* in *Booth v Booth*, 194 Mich App 284, 290-291; 486 NW2d 116 (1992). Later, this Court held that postdivorce pension contributions could also be considered part of the marital estate. See *Boonstra v Boonstra*, 209 Mich App 558, 562-563; 531 NW2d 777 (1995). See, generally, *McMichael v McMichael*, 217 Mich App 723, 729-732; 552 NW2d 688 (1996), for an analysis of the legal development from *Kilbride* to *Boonstra*. However, plaintiff does not claim that she deserves part of the value of the pension accrued before marriage; she only disputes the trial court's method of calculating the value of the pension that accrued during the marriage. Hence, this point is not implicated in the present case.

[3] This Court has also subsequently criticized the method of calculating the total value of the pension, as opposed to the value of the pension

erture factor" to yield the value that accrued during the marriage:

> That factor simply adjusts the benefit to reflect any time for which the employee spouse was a member of the pension system before the marriage.[3] Once the coverture factor is determined, the pension benefit calculated above must be reduced by multiplying it times the coverture factor.
>
> ---
>
> [3] This is best explained by use of an example. If the employee spouse worked at his place of employment for twenty-five years prior to the divorce, but was only married during twenty of those years, that portion of the pension which accrued during the course of the marriage was 20/25 or eighty percent of the pension benefit to which the employee spouse would be entitled at the time of the divorce.

In other words, this Court in *Kilbride* stated that the trial court must employ a fraction of the years the parties were married while the spouse employee earned his pension over the number of years in which the employee spouse worked to build the pension benefits. See also *Kurz v Kurz*, 178 Mich App 284, 292-293; 443 NW2d 782 (1989) (referring to the "coverture factor").[4] Thus, where the employee spouse begins working and starts to earn his pension after he marries, the entire value of the pension earned before

---

attributable to the marriage, articulated in *Kilbride, supra* at 436-439, and refused to follow it. See *Kurz, supra* at 292, n 2.

[4] The dissent in *Kurz* drew the same conclusion as the *Kilbride* Court with regard to the question of how to calculate the portion of the pension attributable to the marital estate where the trial court does properly limit it to the value accrued during the marriage:

> [I]n most situations it might be more appropriate for the trial court to award retirement benefits *prorated* for the years of the marriage in relation to the years worked[.] [*Kurz, supra* at 301, MURPHY, J., concurring in part, dissenting in part. Emphasis added.]

The reasoning of this opinion, although not this particular point, was adopted by this Court in *Boonstra, supra* at 562-563.

the divorce would be a marital asset. See *Kilbride, supra* at 439, n 4.[5] This same formula for calculating the portion of an employee spouse's pension that is attributable to the marriage, known as the coverture factor, has been approved in other jurisdictions. See *In re Marriage of Hunt*, 909 P2d 525, 532 (Colo, 1995);[6] see also *Seifert v Seifert*, 319 NC 367, 370; 354 SE2d 506 (1987), *Hoyt v Hoyt*, 53 Ohio St 3d 177, 182; 559 NE2d 1292 (1990), and *Berrington v Berrington*, 534 Pa 393, 398, n 5; 633 A2d 589 (1993). In calculating the value of the pension attributable to the marriage by looking to the fraction of years of marriage that defendant was working over the total years of his employment, the trial court employed the method that this Court endorsed in *Kilbride, supra.*

Plaintiff argues that the trial court should only consider the increase in the value of the pension from the time the parties married in 1990 to defendant's retirement in 1995 in determining the portion of the pension that constitutes a marital asset. Thus, plaintiff seeks the change in net worth that occurred during the course of the marriage. See *Byington, supra* at 113. There is no dispute that, at the beginning of the marriage, defendant's pension would have yielded a monthly payment of $534 when defendant turned age sixty-five and that, in 1995, defendant was entitled to a monthly payment of $1,576, for which he accepted a lump-sum payment instead. Plaintiff essentially argues that the fraction created by the two

---

[5] Of course, where the employee is divorced and continues to contribute to his pension, these postdivorce earnings may also be considered part of the marital estate. See *Boonstra, supra* at 562-563.

[6] Citing appellate court decisions from Arizona, California, Hawaii, Louisiana, Missouri, Montana, Nevada, New Mexico, North Dakota, and Utah.

monthly payments, approximately one-third, when multiplied as a percentage with the total value of the pension ($205,489.66), represents the value of the pension before they were married, approximately $68,000. Thus, plaintiff claims that the pension accrued by $137,061.60 over the course of the marriage from 1990 to 1995, not a mere $41,943.15.

For defendant's employment with Consumers Power, the pension is a function of basically two different values: the number of years worked and the average monthly earnings taken from the top five base earning years during his career. As in most careers, defendant's top earning years were his final ones, from 1991 through 1995. At the same time, the number of years of service increased during the marriage from approximately twenty-six years to almost thirty-two years. The expert from Consumers Power explained that the reason for the dramatic increase in value of defendant's overall pension from 1990 to 1995 was because his earning base was "much lower" before 1990 and that his subsequent increased earnings made a "major difference."

Although plaintiff argues that only approximately one-third of the ultimate total value of the pension had been realized in 1990, under the circumstances of this marriage, such a calculation would underestimate the significance of defendant's previous work in contributing to the ultimate value of the pension. Plaintiff points out that the trial court's method does not adequately reflect the fact that the increase in base earnings occurred during their years of marriage (1991 to 1995), because it relies exclusively on a fraction determined by the number of years of service and the number of years the parties were married during this

service. Yet, there is no dispute that had defendant begun working with Consumers Power at the time of their marriage and realized the same earnings, he would have only accrued $41,943.15 as a pension, which is the amount of the total pension that the trial court ultimately determined was attributable to the marriage. Hence, plaintiff is effectively asking the trial court to credit her with the value in defendant's pension that defendant built before the marriage but did not realize until during the marriage. In light of the relatively short duration of the parties' marriage in comparison to the many years in which defendant earned his pension, the trial court did not clearly err in refusing to give plaintiff the benefit of defendant's previous work before the marriage and deciding instead to consider only the years of service while they were married for the purpose of determining the portion of the pension that was attributable to the marriage. Consequently, under the circumstances of this case in which the trial court was only determining the portion of the pension that accrued during the marriage, the trial court did not clearly err in using the method for apportionment endorsed in *Kilbride*.

Affirmed.