# STATE OF MICHIGAN

# COURT OF APPEALS

TOMMIE L. REED,

        Plaintiff-Appellant,

v

DEBORAH REED,

        Defendant-Appellee.

UNPUBLISHED
March 29, 2018

No. 336303
Wayne Circuit Court
LC No. 16-102110-DO

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals as of right a September 8, 2016 judgment of divorce, which incorporated by reference, a prior default judgment of separate maintenance. We affirm in part and reverse in part.

## I. BACKGROUND FACTS

The parties were married on July 11, 1992, and had no children during the marriage. In 2006, the parties separated and stopped living together as husband and wife. In 2012, defendant filed a complaint for separate maintenance. The case was assigned to former circuit court Judge Deborah Ross Adams under the file number: 12-100711-DZ. Because plaintiff did not respond to the complaint for separate maintenance, Judge Adams entered a default judgement of separate maintenance ordering, among other things, that: (1) the parties "be legally separated," (2) the Temporary Uniform Spousal Support Order continue to remain in effect, and that plaintiff pay defendant "a property settlement . . . in the amount of $600.00 per month, for a period of three months" from August 2012 to October 2012, (3) the home at 14851 Hubbell be awarded to defendant "without any right, title, or interest by [plaintiff];" (4) all other property, both real and personal be retained by the party then having possession; and (5) defendant receive 50% of plaintiff's City of Detroit pension. Plaintiff did not appeal this judgment.

Nearly four years later, in 2016, plaintiff filed a complaint for divorce. The case was assigned to circuit court Judge Charles Hegarty under file number: 16-102110-DO. Both parties filed cross-motions regarding spousal support. Following a hearing on March 18, 2016, Judge Hegarty ruled that plaintiff's obligation to pay spousal support to defendant terminated on December 1, 2015, and ordered the county to "reconcile the accounting on this matter [and] abate any support obligation accrued against [plaintiff] after December 1, 2015."

Two months later, on May 25, 2016, the court conducted a settlement conference with the parties. We do not have a record of the proceedings on that day, but Judge Hegarty issued an order on that date providing that the judgment of separation "shall be incorporated by reference herein in the judgement of divorce, as all property issues were settled therein." According to plaintiff, on September 28, 2016, the parties appeared before Judge Hegarty. Both parties were sworn. Defendant's attorney represented to the court that he had already resolved all the issues, and presented the court with a consent judgment of divorce. Plaintiff objected to the entry of the consent judgment stating that he had not signed it and that he was not in agreement with it, and arguing that he was entitled to half of defendant's pension and a return of excess spousal support he paid to her. The court questioned plaintiff, and defendant's counsel spoke on her behalf. The court concluded that the judgment of separate maintenance had addressed the issue of the pension and that "this argument concerning this pension . . . could have been and should have been addressed years ago." The court crossed off the word "consent" on the judgment of divorce and signed it with some handwritten modifications. The judgment of divorce provided that: (1) neither party would receive alimony, (2) all rights in the parties' time-share were awarded to plaintiff, (3) each were to retain the property in their possession and (4) the provisions of the separate maintenance judgment were incorporated into the judgment of divorce. On November 28, 2016, the court denied plaintiff's motion for reconsideration and entered an order directing preparation of a Qualified Domestic Relations Order (QDRO),[1] so as to provide for defendant's receipt of 50% of plaintiff's pension. Finally it provided that defendant was to pay plaintiff $3,346.[2]

Plaintiff appealed to this Court. According to a November 1, 2017 letter from plaintiff to this Court, defendant died during the pendency of this appeal. Plaintiff did not seek to open an estate for his deceased ex-wife or to substitute such an estate as the defendant.

## II. ISSUES RAISED BY PLAINTIFF ON APPEAL

On appeal, plaintiff primarily raises issues concerning the proceeding before Judge Adams.[3] He argues that during the hearing before Judge Adams, defendant's counsel misrepresented to Judge Adams that defendant had filed a complaint for divorce when in fact it was a motion for separate maintenance. He also argues that Judge Adams was biased against

---

[1] The QDRO was entered on March 1, 2017.

[2] The reason for this payment is not certain, but appears to be related to plaintiff's overpayment of support.

[3] Generally, this Court reviews for clear error a trial court's factual findings related to the division of marital property. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). "Findings of facts are clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made." *Hodge v Parks*, 303 Mich App 552, 555; 844 NW2d 189 (2014) (quotation marks and citation omitted). Further, this Court reviews "whether a trial court's dispositional rulings are fair and equitable in light of the trial court's findings of fact, but this Court will reverse only if definitely and fairly convinced that the disposition is inequitable." *Id*. (quotation marks and citations omitted).

him, and that the judgment was altered after the fact. We reject plaintiff's claims on both procedural and substantive grounds. Procedurally, plaintiff may not challenge the separate maintenance judgment in this appeal. He failed to do so at the time it was entered and he may not now attack it collaterally.[4] Substantively, plaintiff has failed to establish fraudulent misrepresentation,[5] bias, or fraudulent alteration of the judgment. As to the claim of misrepresentation, plaintiff directs us to the fact that in the separate maintenance action, defendant's pleadings sometimes referred to the action as one for divorce. Plaintiff does not indicate how he, or the court, acted in reliance on that error or how he suffered damages as a result. The trial court did not enter a judgment of divorce, and there does not appear to be any evidence that the court did not know the nature of the matter before it.[6] In addition, plaintiff has not shown that he relied on or was harmed by the alleged misrepresentation. See *Michael v Jones*, 333 Mich 476, 479; 53 NW2d 342 (1952).

---

[4] The default judgment of separate maintenance is a final judgment under MCR 7.202(6)(a)(i). MCL 7.2013(A)(1) grants this Court jurisdiction with respect to "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCL 552.101 provides in pertinent part as follows:

> Each judgment of divorce or judgment of separate maintenance shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the husband in which the wife was named or designated as beneficiary, or to which the wife became legally entitled by assignment or change of beneficiary during the marriage or in anticipation of marriage. . . .

In this case, the default judgement of separate maintenance was entered on July 17, 2012, and plaintiff did not appeal the judgment.

[5] In order to establish a prima facie case of fraudulent misrepresentation, a plaintiff must show that (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage. [*Bergen v Baker*, 264 Mich App 376, 382; 691 NW2d 770 (2004) (quotation marks and citations omitted).]

[6] There is no doubt that the parties knew that they were addressing defendant's complaint for separate maintenance. For instance, during the proceeding, defendant's counsel informed the court that the proceeding was not a divorce proceeding but a separate maintenance proceeding. Moreover, the court also questioned plaintiff about his understanding of defendant's motivation to file for a "separate maintenance," which was for defendant to remain on his insurance, and plaintiff responded that he understood.

The allegations of bias and fraudulent alteration of the separate maintenance judgment also go to the proceedings before Judge Adams and so, are not properly before us. Moreover, we have obtained the relevant transcript and find no evidence of bias. As to the issue concerning the alteration of the judgment, plaintiff appears to be arguing that the change in the judgment reduced his spousal support from $800 per month for three years to $600 for three months. However, this change comports with what was stated on the record at which time defendant was present, and the order was filed and available. Finally, plaintiff raised this issue before Judge Hegarty during the divorce proceedings, and Judge Hegarty ordered that the Friend of the Court "reconcile the accounting in this matter [and] abate any support obligation accrued against [plaintiff] after December 1, 2015."

In his brief, plaintiff did not frame any issues specifically as to the divorce. However, at oral argument, he argued that the divorce judgment was entered without his consent and without a hearing, and that the property division should be set aside. His first argument is irrelevant as the trial court did not enter a consent judgment but one based on the court's rulings. His second argument has some merit. Although both parties were sworn at the outset of the settlement hearing, formal testimony was not taken and it is difficult to determine what, if any, evidence was the basis for the court's decision on the merits. However, with the exception of the court's decision not to consider division of defendant's pension, we find no error in the judgment of divorce.

"A court's jurisdiction in divorce matters is strictly statutory." *Boonstra v Boonstra*, 209 Mich App 558, 561; 531 NW2d 777 (1995). MCL 552.18(1)[7] and MCL 552.101(3)[8] define the circuit's court power to distribute pensions. *Id.* at 561-562. Accordingly, a trial court could treat

---

[7] MCL 552.18(1) provides as follows:

> Any rights in and to vested pension, annuity, or retirement benefits, or accumulated contributions in any pension, annuity, or retirement system, payable to or on behalf of a party on account of service credit accrued by the party during marriage shall be considered part of the marital estate subject to award by the court under this chapter.

[8] MCL 552.101(3) provides as follows:

> Each judgment of divorce or judgment of separate maintenance shall determine all rights, including any contingent rights, of the husband and wife in and to all of the following:
>
> (a) Any vested pension, annuity, or retirement benefits.
>
> (b) Any accumulated contributions in any pension, annuity, or retirement system.
>
> (c) In accordance with section 18 of 1846 RS 84, MCL 552.18, any unvested pension, annuity, or retirement benefits.

as part of the marital estate subject to division, those pension benefits that accrued before and during marriage, "if such treatment was just and equitable." *Booth v Booth*, 194 Mich App 284, 291; 486 NW2d 116 (1992); MCL 552.18(1); *McMichael v McMichael*, 217 Mich App 723, 732; 552 NW2d 688 (1996) (finding that the award of pension benefit that accrued during the marriage was fair and equitable). In treating the pension benefit as part of the marital estate, the trial court should consider "the ability of either spouse to pay and the character and situation of the parties and all other circumstances of the case. *Booth*, 194 Mich App at 291(quotation marks and citation omitted). This Court has held that "[p]ension benefits are assets to be considered part of the marital estate subject to distribution in the discretion of the circuit court." *Boonstra*, 209 Mich App at 563.

There are two pensions at issue as both parties had pensions. Plaintiff's claim that his pension should not have been divided is moot because it is impossible for this Court to fashion a remedy or grant a relief to plaintiff. *City of Jackson v Thompson McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000) (holding that "[a]n issue is moot if an event occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief."). Because defendant is dead, the pension benefits reverted to plaintiff pursuant to the provisions of the QRDO, which provides as follows:

> In the event of the Former Spouse's death prior to the Former Spouse receiving the full amounts of benefits called for under this order, all benefits shall revert to the Retirant, as required under the Plan.

Plaintiff's claim that he should be awarded 50% of defendant's pension requires us to consider the relationship of the separate maintenance judgment to the divorce judgment, and we conclude that the court erred by holding that the issue could not be again raised in the divorce action. The property division and support provisions of a judgment of separate maintenance do not preclude a court from addressing those issues in a later divorce. *Engemann v Engemann*, 53 Mich App 588, 594; 219 NW2d 777 (1974). To the contrary, "it is mandatory that the court dispose of the related matters of alimony, support and property." *Id*. at 594. Accordingly, the court erred in concluding that the judgment of separate maintenance necessarily controlled.

Plaintiff argues that it was inequitable to award half his pension to defendant while defendant was permitted to keep her full pension. Given that this division was rendered pursuant to a default judgment entered at a hearing at which plaintiff was not permitted to participate and because the pensions represented the parties' largest liquid assets, we agree with plaintiff that he should be permitted to offer evidence in support of his claim to a portion of defendant's pension.

Plaintiff next argues that the court should have changed the separate maintenance judgement's disposition of real property, specifically a home the parties owned jointly in which defendant had resided at one time. We disagree. Although the court had the power to do so, plaintiff has failed to argue that this rendered the pre-exiting property division inequitable. Moreover, the trial court awarded the parties' time-share to plaintiff. Further, as a practical matter, plaintiff's interest in that property was extinguished by the prior judgment, that judgement was not appealed nor set aside, and we decline to change the status of real property under those conditions.

Finally, plaintiff requests that we order the return of additional excess spousal support he paid to defendant. The record contains no proof of such payments, but in any event, any such excess payment beyond that for which Judge Hegarty reimbursement was the result of plaintiff's error, not an error of the court.

We reverse the trial court's judgment as to the disposition of defendant's pension and remand for further proceedings. As noted above, plaintiff has not opened an estate for defendant or moved for substitution of a party, despite the passage of more than 91 days. We exercise our discretion not to dismiss his appeal. However, plaintiff is directed to comply with MCR 2.202(1) within 91 days of the date on which this opinion is issued. If he fails to do so, the trial court shall dismiss the case. If he does comply, the trial court is directed to schedule a hearing at which plaintiff may present evidence, and to determine whether the allocation of defendant's pension defined in the separate maintenance judgment should be changed in order "to reach an equitable distribution of property in light of all the circumstances." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008).

Affirmed in part and reversed in part. We do not retain jurisdiction. Costs shall not be taxed.

/s/ Douglas B. Shapiro