*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD W. WEINGARTZ,

Plaintiff/Counterdefendant-Appellee,

UNPUBLISHED
March 2, 2023

v

No. 360667
Tuscola Circuit Court
Family Division
LC No. 19-030614-DM

LORI A. WEINGARTZ,

Defendant/Counterplaintiff-Appellant.

Before: CAVANAGH, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

In this divorce action, the trial court reconsidered and amended its original judgment of divorce to equally split the marital portion of defendant's pension with plaintiff. Defendant argues that by doing so, the trial court inequitably divided the marital property. Because we are not left with a firm conviction that the revised division of assets was inequitable, we affirm.

## I. BACKGROUND

The underlying facts are not in dispute. The parties were married in 2000. Plaintiff has been disabled since 2016 and cannot work; his primary source of income is Social Security disability benefits. Defendant retired from her position as a teacher in 2019 and receives a pension. Plaintiff filed for divorce in 2019. Following several hearings, the trial court issued an opinion on the terms of the divorce. In its opinion, the court noted that the division of defendant's pension was "linked" with a determination of spousal support. As a result, the court awarded defendant her entire pension free of any claim by plaintiff but ordered defendant to pay monthly spousal support to plaintiff for six years. The court also divided the rest of the parties' marital property, none of which is challenged on appeal.

Following entry of the judgment of divorce, plaintiff moved for reconsideration, arguing that the distribution of defendant's pension was inequitable and that he was entitled to half of the marital portion of defendant's pension. Considering the percentage of the pension accrued during the parties' marriage and defendant's life expectancy, plaintiff calculated the value of defendant's pension as a marital asset at over $700,000. The trial court agreed with plaintiff's calculation and

acknowledged that previously it "was not privy to the actual calculations that have since been provided by the Plaintiff." Explaining that it had previously "looked at the then current state of the parties and not the long-term effect" of the parties' assets, the court granted reconsideration. The court determined that plaintiff should receive 50% of the marital share of this pension and that defendant was no longer obligated to pay spousal support. The court also advised the parties that they could motion for a hearing on spousal support with limited proofs. The court then entered an amended judgment of divorce reflecting these changes.

This appeal followed.

## II. DISCUSSION

Defendant argues that the trial court erred by granting plaintiff's motion for reconsideration and ordering the marital portion of defendant's pension to be split equally.

### A. STANDARD OF REVIEW

We review a trial court's decision to grant a motion for reconsideration for an abuse of discretion. *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*. In a divorce action, the trial court must make factual findings and dispositional rulings. *Woodington v Shookohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). "Findings of fact, such as a trial court's valuation of particular marital assets, will not be reversed unless clearly erroneous." *Id*. "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). If we uphold the trial court's findings of fact, we must then decide "whether the dispositive ruling was fair and equitable in light of those facts." *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992). We will affirm this ruling unless "left with the firm conviction that the division was inequitable." *Id*. at 152.

### B. DIVISION OF PENSION

Defendant first claims that the trial court abused its discretion by granting plaintiff's motion for reconsideration because plaintiff failed to provide new arguments or arguments he could not have made previously.

MCR 2.119(F)(3) governs motions for reconsideration and states:

Generally, and *without restricting the discretion of the court*, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error. [Emphasis added.]

This court rule "allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *In re Moukalled Estate*, 269 Mich App 708, 714; 714 NW2d 400 (2006) (quotation marks and citation omitted). Thus, "[t]he plain language of the court rule does not categorically prohibit a trial court from granting a motion for reconsideration even if the motion presents the same issues initially argued and decided." *Id*.

In this case, the trial court granted plaintiff's motion for reconsideration because it believed it had made a mistake in the marital property distribution and wanted to correct it. Because the trial court has broad discretion when deciding motions for reconsideration, including to correct errors, the court did not abuse its discretion by reconsidering its original judgment. See *id*.

Defendant also claims that the equal division of the marital portion of her pension was inequitable and constituted reversible error.

"In any divorce action, a trial court must divide marital property between the parties and, in doing so, it must first determine what property is marital and what property is separate." *Cunningham*, 289 Mich App at 200. "Generally, the marital estate is divided between the parties, and each party takes away from the marriage that party's own separate estate with no invasion by the other party." *Reeves v Reeves*, 226 Mich App 490, 494; 575 NW2d 1 (1997). With limited exceptions, "marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage." *Cunningham*, 289 Mich App at 201.

When dividing marital property, the trial court must consider these factors when relevant to the circumstances of a particular case:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks*, 440 Mich at 159-160.]

Besides the *Sparks* factors, there may be additional relevant factors that "will vary depending on the facts and circumstances of the case." *Id*. at 160. There is no "rigid framework" for applying the factors relevant to the distribution of marital assets at the time of the divorce. *McDougal v McDougal*, 451 Mich 80, 88; 545 NW2d 357 (1996) (quotation marks and citations omitted). The marital assets need not be divided equally, but "any significant departure from congruence must be clearly explained." *Berger v Berger*, 277 Mich App 700, 717; 747 NW2d 336 (2008). Ultimately, "[t]he goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Id*. at 716-717.

Rights to a vested pension that accrued during marriage are part of the marital estate and subject to division. MCL 552.18(1); *Vander Veen v Vander Veen*, 229 Mich App 108, 110; 580 NW2d 924 (1998). And while Social Security disability benefits cannot be considered marital property under federal law, "[t]he amount of a spouse's anticipated or received Social Security benefits qualifies as relevant to several of the *Sparks* factors, including the contributions each made

to the marital estate, their necessities and circumstances, and general principles of equity." *Biondo v Biondo*, 291 Mich App 720, 729; 809 NW2d 397 (2011) (quotation marks and citation omitted). Put differently, "the court may not treat social security benefits as tantamount to a marital asset," but it may consider "the extent to which social security benefits received by the parties affect the *Sparks* factors." *Id*. at 731.

Defendant asserts that the amended judgment of divorce leaves her with more than three times less monthly income than plaintiff, but we fail to discern how defendant arrived at the figures listed in her brief. While it appears that plaintiff's monthly income—from marital and nonmarital assets—is greater than defendant's, we cannot accept defendant's unsupported valuations on the scope of that disparity. Even so, defendant has not established that the difference in the parties' monthly incomes stems from an inequitable distribution of marital assets. The amount of money each party receives from the *marital* estate each month is generally equal. Plaintiff's monthly income is only higher because he has access to nonmarital assets that pay him every month. Most of plaintiff's monthly income comes from Social Security disability benefits. While this Social Security disability benefit may be considered when dividing marital property, it cannot be considered marital property itself. See *Biondo*, 291 Mich App at 731. Parties need not receive equal monthly income sources following a divorce, particularly if some of that income derives from nonmarital property.[1]

Defendant also does not dispute plaintiff's valuation of defendant's pension as a marital asset. The trial court agreed with this valuation, and without evidence contesting this calculation, we see no basis to disturb the court's finding that the marital portion of defendant's pension was worth over $700,000. The anticipated longevity of defendant's pension makes it the most valuable asset in the marital estate. Awarding that property to defendant alone would substantially deviate from splitting the marital assets equally. Although the trial court "need not divide the marital estate into mathematically equal portions," it must clearly explain "any significant departure from congruence." *Berger*, 277 Mich App at 717. The trial court exercised its discretion to limit any significant departures in the division of marital asserts by splitting the marital portion of defendant's pension equally. We must affirm the trial court's ruling unless we are left with a firm conviction that the division of the marital assets was inequitable. *Sparks*, 440 Mich at 152.

---

[1] Defendant asserts that she filed a motion for spousal support following the trial court's amended judgment of divorce. If so, the parties' difference in monthly income may be relevant to a spousal support determination. See *Loutts v Loutts*, 298 Mich App 21, 32; 826 NW2d 152 (2012) ("The primary purpose of spousal support is to balance the parties' incomes and needs so that neither party will be impoverished, and spousal support must be based on what is just and reasonable considering the circumstances of the case."). Indeed, the trial court previously noted that the division of defendant's pension and the determination of spousal support were linked issues. And several of the factors a trial court should consider when determining an amount of spousal support—the source and amount of property awarded to the parties, the abilities of the parties to pay alimony, the needs of the parties, and general principles of equity—may be relevant to defendant's concerns in this case. See *id*. at 31.

Considering the totality of the facts and the flexible framework entrusted to the trial court to divide marital assets, we are not left with a firm conviction that the trial court's ruling was inequitable.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett