# STATE OF MICHIGAN

# COURT OF APPEALS

BRADLEY Y. BACHMAN,

       Plaintiff-Appellant,

v

SHELLEY MARIE SNOWGOLD, f/k/a
SHELLEY MARIE BACHMAN, a/k/a SHELLEY
MARIE COUGHLIN,

       Defendant-Appellee.

UNPUBLISHED
July 14, 2015

No. 325963
Livingston Circuit Court
Family Division
LC No. 08-040619-DM

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

In this dispute over parenting time, plaintiff, Bradley Y. Bachman, appeals by right the trial court's order denying his motion to expand his parenting time with the minor child. We conclude that the trial court erred when it applied the more stringent standard stated in *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003), for determining whether there is proper cause or a change in circumstances sufficient to revisit the parenting time order. Further, because the record evidence demonstrated that there was proper cause or a change of circumstances to warrant revisiting the parenting time order, we reverse the trial court's decision to deny Bachman's motion and remand for a best interests hearing.

## I. BASIC FACTS

Bachman and defendant, Shelley Marie Snowgold, married in 2000 and had one child together in 2006. Bachman and Snowgold divorced in 2009. In the judgment of divorce, the trial court granted Bachman and Snowgold joint legal and physical custody of the child. The judgment also provided Bachman with limited parenting time, which was characterized as a transitional framework:

> [Bachman] shall have parenting time with the minor child at reasonable times and places as may be agreeable to the parties, but specifically including the following which is intended to be a transition time working toward equally shared physical custody:

-1-

a. Daily contact for at least one (1) hour either before or after work, depending on [Bachman's] work schedule.

b. Additional parenting time for a period of 2-6 hours on days [Bachman] is not working to be determined by the parties.

c. Every other weekend from Friday at 4:30 p.m. until Sunday at 5:00 p.m., with [Bachman] picking up the child either from daycare or [Snowgold's] residence on Fridays.

The judgment also contained provisions providing for holiday parenting time, a right of first refusal to provide care for the child if the other parent was unavailable for two or more hours, and a provision limiting parenting time for more than five consecutive days without the child seeing the other parent. Finally, in the judgment, it was clarified that the limited parenting time for Bachman was in consideration of the child's young age and merely transitional:

This parenting time schedule is intended to be a schedule that recognizes this is a transition period due to [the child's] age and need for consistency at this time for bonding purposes. Both parents intend to work toward a shared schedule. Both parties recognize that either party may seek the assistance of the Court or other professional to work toward a shared arrangement and both recognize that parenting time is subject to review. In any event, a parenting time review shall take place when the minor child reaches the age of 3 years.

Between 2009 and 2014, the parties generally followed a weekday parenting-time schedule that provided Bachman with parenting time after school on Monday, Wednesday, and Friday until 6:30 p.m., and after school on Tuesday and Thursday until 5:30 p.m. Testimony established that over this time period, Snowgold made voluntary adjustments to the parenting time schedule to provide Bachmam with additional parenting time. This culminated in an agreement for the parties to follow a week on/week off schedule during the summer of 2014. Both the parties and their court-appointed family therapist agreed that the minor child did well with the summer schedule.

When the summer ended, Bachman wished to continue the week on/week off parenting schedule; Snowgold did not. When their conflict could not be resolved, Snowgold initially insisted that Bachman follow the parenting-time schedule set forth in the judgment of divorce, which would mean Bachman would have one hour of parenting time each day, but nevertheless followed the parenting time provided in the consent order entered in March 2014. Thereafter, Bachman had the minor child on Monday, Wednesday, and Friday until 4:45 p.m., instead of 6:30 p.m. as the parties had previously verbally agreed. Aside from these unilateral reductions in Bachman's parenting time, the parenting-time schedule remained the same as it was before summer.

Because Snowgold was unwilling to agree to a more equal schedule for parenting time, Bachman moved to have the trial court modify the parenting time schedule. A referee conducted an evidentiary hearing on the motion and determined that the request for equal parenting time was so drastic that it would alter the established custodial environment and, for that reason, the

more stringent standard stated in *Vodvarka* should apply to the request. Applying that standard, the referee concluded that Bachman had not established proper cause or change of circumstances sufficient to warrant revisiting the parenting time order. On de novo review, the trial court adopted the referee's findings and recommendations and denied Bachman's motion.

Bachman then appealed in this Court.

## II. PROPER CAUSE OR CHANGE IN CIRCUMSTANCES

### A. STANDARDS OF REVIEW

On appeal, Bachman argues that the trial court applied the wrong legal standard for determining whether he established proper cause or a change in circumstances to warrant revisiting the parenting time order. " 'Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue.' " *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010), quoting *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). With respect to the trial court's findings of fact, we will not substitute our own judgment "unless the facts clearly preponderate in the opposite direction." *Id*. at 21. A trial court has abused its discretion in a child custody case when its decision " 'is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias.' " *Id*., quoting *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). A trial court commits clear legal error when it " 'errs in its choice, interpretation, or application of the existing law.' " *Id*., quoting *Schulick v Richards*, 273 Mich App 320, 323; 729 NW2d 533 (2006).

### B. ANALYSIS

A trial court may modify a parenting-time order " 'for proper cause shown or because of change of circumstances . . . .' " *Shade*, 291 Mich App at 22, quoting MCL 722.27(1)(c). If the requested modification of parenting time will alter the minor child's established custodial environment, then the trial court must apply the framework stated in *Vodvarka* to determine whether proper cause or change of circumstances warrants review. *Id*. at 27. If the requested change will not alter the child's established custodial environment, then the trial court must apply the more flexible standard articulated in *Shade*. See *Kaeb v Kaeb*, ___ Mich App ___, slip op at 5; ___ NW2d ___ (2015) (Docket No. 319574).

In this case, it is undisputed that the parties share joint legal and physical custody of the child and that Bachman did not request a change in their shared custody, but rather asked for more parenting time. Moreover, although the trial court did not make a specific finding concerning the current custodial environment, the undisputed record evidence also shows that the child has an established custodial environment with both parents. See MCL 722.27(1)(c) (stating that an established custodial environment exists with a parent "if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort."); see also *Jack v Jack*, 239 Mich App 668, 670; 610 NW2d 231 (2000) (stating that this Court may determine whether there is an established custodial environment when the record contains sufficient information for this Court to make its own

determination by de novo review). Accordingly, in order to apply the more stringent standard stated in *Vodvarka* to Bachman's motion, the trial court had to determine that the request to revisit parenting time was so drastic that it would amount to a change in custody, or so disrupt the current custodial environment that it would alter who the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort.

Here, there is no evidence that altering the current parenting time schedule to include equal parenting time for Bachman—as originally contemplated in the judgment of divorce—amounted to a change in custody or would cause the child to cease looking to Snowgold for guidance, discipline, the necessities of life, or parental comfort. Indeed, when parents share joint legal and physical custody and the child has an established custodial environment with both parents, absent unusual circumstances not present here, it is unlikely that a request for approximately equal parenting time will constitute a change in custody or a change to the established custodial environment. Consequently, the trial court committed a clear legal error when it applied the standards for proper cause or a change in circumstances stated in *Vodvarka*; the trial court should have applied the more flexible standard stated in *Shade*, as clarified by this Court in *Kaeb*.

In *Shade* this Court recognized that, because the focus of parenting time was "to foster a strong relationship between the child and the child's parents," the legal framework set forth in *Vodvarka* was not applicable when a parenting time order did not alter the existing custodial environment. *Shade*, 291 Mich App at 28-29. The Court discussed the need for flexibility in parenting-time schedules because the needs of the child will change as the child ages and with the level of the child's involvement in activities. *Id*. at 29-31. The Court in *Shade* declined to specifically define what constitutes proper cause or a change of circumstances, but determined that the normal life changes that occurred with the minor child in its case were sufficient to warrant modifying parenting time. *Id*. at 31.

In *Kaeb*, this Court examined the standard stated in *Shade* and held that the relevant inquiry for both proper cause and the change of circumstances, at least in the context of a change in a condition on parenting time, is whether the current order governing parenting time remains in the child's best interests:

> "[P]roper cause" should be construed according to its ordinary understanding when applied to a request to change a condition on parenting time; that is, a party establishes proper cause to revisit the condition if he or she demonstrates that there is an appropriate ground for taking legal action. See *Vodvarka*, 259 Mich App at 510-511 (recognizing that "proper cause" ordinarily means any appropriate ground for taking legal action, but declining to give the phrase its ordinary meaning when applied to the context of a request to alter an established custodial environment because that would not serve the purpose of erecting a barrier to unwarranted changes to custody). Consistent with a trial court's authority to adopt, revise, or revoke a condition whenever it is in the best interests of the child to do so, see MCL 722.27(1); MCL 722.27a(1) and (8), we hold that a party requesting a change to an existing condition on the exercise of parenting time must demonstrate proper cause or a change in circumstances that would justify a trial court's determination that the condition in its current form no longer

serves the child's best interests. MCL 722.27(1)(c). [*Kaeb*, ___ Mich App, slip op at 6.]

Accordingly, under this more flexible standard, the party asking for modification of a parenting time order must demonstrate proper cause or a change in circumstances that would justify a trial court's determination that the parenting time in its current form no longer serves the child's best interests consistent with MCL 722.23 and MCL 722.27a(1). See *Kaeb*, ___ Mich App, slip op at 5-6; *Shade*, 291 Mich App at 26 n 2, 28-29.

The original judgment for divorce provided Bachman with limited parenting time due to the child's young age. Nevertheless, the judgment specifically stated that the parenting time should be reviewed when the child reaches the age of three and that the goal was equal parenting time. While it was apparently hoped that the parties would be able to agree to an appropriate schedule at some future point, and the parties to some extent have been able to agree to the expansion of Bachman's parenting time over the years, they have now come to an impasse; Bachman insists on having equal parenting time, as originally contemplated by the judgment of divorce, and Snowgold now insists on strict compliance with the most recent parenting time order.

The record shows that the child is significantly older than when the judgment was first entered (he is 8 years of age), that he did well with the expansion of parenting time with his father over the summer, and that the parties have been unable to achieve the stated goal of equal parenting time through their own efforts. And, despite the transitional nature of the original parenting time provisions, the trial court has not taken steps to give effect to the intention for equal parenting time stated in the judgment, or to determine whether it is in the child's best interests to continue to limit his father's parenting time. There is also evidence that the child's activities and interests make it difficult for Bachman to exercise his parenting time under the framework originally drafted when the child was much younger. Bachman should not have to sacrifice his parenting time with the child in order to enable the child to spend time with friends or participate in other normal life activities. These developments are sufficient changes in the circumstances since the entry of the last order to justify a trial court's decision to reexamine whether the current parenting time order is in the child's best interests. *Kaeb*, ___ Mich App, slip op at 5-6; *Shade*, 291 Mich App at 26 n 2, 28-29. The trial court erred when it determined that Bachman had not established proper cause or a change in circumstances sufficient to warrant revisiting the parenting time order. MCL 722.27(1)(c).

## III. CONCLUSION

We reverse the trial court's decision and vacate its order denying Bachman's motion to modify parenting time. We further remand this case to the trial court for a hearing to establish a parenting time schedule that is in the child's best interests given his age, interests, and activities. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly