# STATE OF MICHIGAN

# COURT OF APPEALS

JOSE ALBERTO HERNANDEZ,

      Plaintiff-Appellee,

v

SHANITA LEE REYNOLDS,

      Defendant-Appellant.

UNPUBLISHED
July 7, 2016

No. 328886
Allegan Circuit Court
LC No. 11-049483-DC

Before: MURPHY, P.J., and WILDER and BORRELLO, JJ.

PER CURIAM.

Defendant Shanita Lee Reynolds appeals as of right the February 19, 2015 order granting plaintiff Jose Alberto Hernandez's motion for sole physical custody of the minor child. For the reason set forth in this opinion, we affirm.

In child custody cases, all orders and judgments of the circuit court are to be affirmed unless the court made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. MCL 722.28; *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). Questions of law are reviewed for clear legal error. *LaFleche v Ybarra*, 242 Mich App 692, 695; 619 NW2d 738 (2000). "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). "The trial court's discretionary rulings, such as to whom to award custody, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008) (citation omitted). Findings regarding a child's best interests are reviewed under the great weight of the evidence standard. *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011). "Under this standard, a reviewing court should not substitute its judgment on questions of fact unless the factual determination 'clearly preponderate[s] in the opposite direction.'" *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010), quoting *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994).

-1-

As an initial matter, defendant argues that the trial court did not apply the proper evidentiary standard to its findings regarding the minor child's best interests. Because the trial court found that an established custodial environment existed with defendant,[1] the clear and convincing standard applied to the trial court's best-interest findings in this case regarding plaintiff's motion for sole physical custody. *Pierron v Pierron*, 282 Mich App 222, 244-245; 765 NW2d 345 (2009), aff'd 486 Mich 81 (2010).

While defendant is correct that the trial court did not explicitly state that it was applying the clear and convincing evidence standard to its best-interest findings, nothing in the trial court's opinion indicated that it applied the improper preponderance of the evidence standard. Further, a trial court is presumed to know the law, *Charles A Murray Trust v Futrell*, 303 Mich App 28, 44; 840 NW2d 775 (2013), and the trial court invoked the clear and convincing evidence standard when it found that defendant had an unstable home environment and work history. Accordingly, we find that the trial court did not commit clear legal error by applying an incorrect standard of review in this case. *LaFleche*, 242 Mich App at 695.

Regarding the minor child's best interests, the Child Custody Act, MCL 722.21 *et seq.*, "governs child custody disputes between parents, agencies or third parties." *Mauro v Mauro*, 196 Mich App 1, 4; 492 NW2d 758 (1992). "[C]ustody disputes are to be resolved in the child's best interests" and "[g]enerally, a trial court determines the best interests of the child by weighing the twelve statutory factors outlined in MCL 722.23." *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001).

Defendant argues that the trial court erred when it failed to make reviewable findings regarding each of the best-interest factors in MCL 722.23. "In deciding a child custody matter, the trial court must evaluate each of the statutory factors pertaining to the best interest of the child and must explicitly state its findings and conclusions regarding each factor." *Rivette v Rose-Molina*, 278 Mich App 327, 329-330; 750 NW2d 603 (2008). "[T]he record must be sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings." *MacIntyre v MacIntyre (On Remand)*, 267 Mich App 449, 452; 705 NW2d 144 (2005).

In support of its decision to award plaintiff sole physical custody, the trial court provided the following explanation:

> The Court finds that there is an established custodial environment with the Defendant mother. However [sic] the Court finds that the capability of this custodial environment to serve the child's best interests is placed in doubt due to the Defendant mother wrongfully taking the child with her to North Carolina in direct violation of this Court's order. The Court also finds that there is clear and convincing evidence on the record to indicate that the Defendant mother has an

---

[1] The trial court's finding that an established custodial environment existed with defendant is not challenged on appeal.

unstable home environment and work history. All other best interest factors being neutral, the Court finds two factors in the Plaintiff father's favor.

The Court finds that the length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity rests with the Plaintiff father because of his greater stability.

The Court also finds that the willingness and ability of each of the parties to facilitate and encourage a close and continuing relationship between the child and the other parent rests with the Plaintiff father because of the Defendant mother's obstruction with the Plaintiff father's parenting time.

The trial court granted defendant parenting time on two three-day weekends each month, as well as various holidays and furthermore ordered that the minor child was not to be removed from the state of Michigan.

On appeal, defendant argues that the trial court failed to make the requisite findings relative to MCL 722.23:

As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

Defendant argues that the trial court only made findings regarding two of the best-interest factors, (d) and (j). Further defendant argues the trial court erred in its findings relative to best-interest factors (d) and (j).

In regard to best-interest factor (d), the trial court found: "there is clear and convincing evidence on the record to indicate that the Defendant mother has an unstable home environment and work history" and "the length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity rests with the Plaintiff father because of his greater stability." On appeal, defendant argues that the trial court erred regarding factor (d) because the minor child primarily lived with her, there was testimony that she obtained employment and housing and there was no indication that her employment and housing were not stable, there was no evidence that any instability caused the minor child harm, and it was unclear whether father's retail fraud conviction would affect his employment.

Our review of the record does not support defendant's argument. The record reveals that as of the October 15, 2013 hearing, defendant had moved five times. Further the record reveals that from November 2011 to October 2013, defendant worked five different jobs and, as of October 15, 2013, defendant had only been with her current job for less than two months. Accordingly, there was strong evidence that defendant did not have a stable home environment and work history.

Further, defendant's assertions on appeal that there was no evidence that the minor child was harmed by any instability, we note that factor (d) does not require consideration of whether a child has been harmed by instability. Instead, the Michigan Supreme Court has explained that "[f]actor d calls for a factual inquiry (how long has the child been in a stable, satisfactory environment?) and then states a value ('the desirability of maintaining continuity')." *Ireland v Smith*, 451 Mich 457, 465 n 8; 547 NW2d 686 (1996).

On appeal, defendant raises a question regarding the stability of plaintiff's employment based on his retail fraud conviction. We initially note that the record reveals that the conviction occurred before the birth of the minor child. As of the October 15, 2013 hearing, plaintiff was working as a dental assistant 15 hours a week at a dental office in South Haven while also working 20 hours per week at an Arby's. On appeal, defendant places great emphasis on plaintiff's retail fraud conviction, however plaintiff testified that his managers at Arby's knew about his retail fraud conviction and he was allowed to continue his employment with Arby's. While there was no indication in the record whether plaintiff's dental office knew of his retail fraud conviction, there also was no evidence that father's conviction would affect his

employment with that office. Further, the testimony at trial regarding plaintiff's housing indicated that he lived in a stable home with his parents. Accordingly, there was evidence supporting the trial court's finding that plaintiff had greater stability than defendant. Therefore, contrary to defendant's arguments, we find that the trial court's finding that best-interest factor (d) favored plaintiff was not against the great weight of the evidence. *Pierron*, 486 Mich at 85.

In regard to best-interest factor (j), the trial court found: "the willingness and ability of each of the parties to facilitate and encourage a close and continuing relationship between the child and the other parent rests with the Plaintiff father because of the Defendant mother's obstruction with the Plaintiff father's parenting time." On appeal, defendant argues that the trial court erred regarding factor (j) because the trial court ignored the following: (1) that plaintiff kept the minor child from her when she initially left plaintiff's home; (2) that defendant kept the minor child from staying overnight with plaintiff after she initially left plaintiff's home because defendant was afraid plaintiff would not return the child to her; (3) that defendant and plaintiff testified that they wanted to ensure that the minor child maintained a relationship with both parents.

Again we turn to the record testimony which reveals that before plaintiff received court-ordered parenting time on March 28, 2012, he generally visited defendant and the minor child for approximately an hour every other weekend. Defendant testified that she did not often offer to let plaintiff temporarily take the minor child to his home before the entry of the temporary order on March 28, 2012, because she was afraid that if plaintiff took the child, he would not give her back. Our review of the record does not clearly substantiate defendant's concerns. Additionally, the fact that plaintiff had to seek a court order to visit the child supports the trial court's finding that defendant obstructed plaintiff's parenting time with the child. While the trial court did not explicitly refer to this testimony when it found that factor (j) favored father, in regard to the best-interest factors, "[t]he trial court need not necessarily engage in elaborate or ornate discussion because brief, definite, and pertinent findings and conclusions regarding the contested matters are sufficient." *Foskett v Foskett*, 247 Mich App 1, 12; 634 NW2d 363 (2001). Thus, the fact that the trial court did not discuss the facts above did not render the trial court's finding regarding factor (j) erroneous. *Id*.

Further, while not addressed by defendant on appeal, the trial court's finding that factor (j) favored father "because of the Defendant mother's obstruction with the Plaintiff father's parenting time" was based not on mother's actions before father received court-ordered parenting time on March 28, 2012, but rather on defendant's admission during the November 24, 2014 hearing that she failed to return the minor child to plaintiff on August 15, 2014, as required by the June 6, 2014 stipulated order, thus depriving father of court-ordered parenting time. Defendant's failure to timely return the minor child to plaintiff, reflected poorly on defendant's willingness and ability to facilitate a close and continuing parent-child relationship between father and the child. The finding that best-interest factor (j) favored father was not against the great weight of the evidence. *Pierron*, 486 Mich at 85. Accordingly, we assign no error.

Next we turn to the issue of whether the trial court made sufficient findings on the other factors such that this Court may conduct a meaningful review. While it is preferable for the trial court to go through all of individual factors enumerated in MCL 722.23, we note that the trial court need not necessarily engage in elaborate or ornate discussion because brief, definite, and

pertinent findings and conclusions regarding the contested matters are sufficient. MCR 2.517(A)(2); See also, *Fletcher*, 447 Mich at 883.

In this case, the trial court, after reviewing testimony taken over the course of four hearings, held that the parties were equal relative to all factors except for factors (d) and (j). The trial court's findings that all other factors were equal were supported by the record.

Relative to factor (a), the record reveals that both parties had difficulty with their emotional ties to one another. Neither should have been favored, and neither party was favored. Such a finding was not against the great weight of the evidence. As to factor (b), again, given the age of the parties in this dispute, both seemingly attempted to give the minor love and affection. As to the issue regarding raising the minor child in its religion, we note the parties had minor differences on this issue. Defendant did not attend church while plaintiff testified he attended mass twice a month and desired the minor to be raised in the Catholic faith. Defendant seemingly had no opposition to plaintiff raising the minor child in the Catholic faith. Hence, a finding that neither party was favored was not against the great weight of the evidence. As to factor (c), again, the age of the parties was seemingly the biggest obstacle to either clearly displaying a better ability to provide for the needs of the child. There was some testimony, specifically involving cases of severe diaper rash, which if believed, could have lead the trial court to conclude that plaintiff was to be favored on this factor. However, the record also reveals that defendant testified the diaper rash occurred while using diapers provided by both parties. While the record reveals that plaintiff could have been favored relative to defendant's inability to properly treat the minor child's diaper rash, we cannot conclude that the trial court concluding both parties to be equal on this factor was against the great weight of the evidence. As to factor (e), the record reveals that defendant's frequent moves and changes in employment could have led the trial court to find that plaintiff should be favored as to factor (e). The fact that the trial court did not find plaintiff favored relative to this factor inured to the benefit of the defendant and was not against the great weight of the evidence. As to factor (f), again the record reveals the trial court was correct in its assertion that the parties were equal. We are aware of plaintiff's retail fraud conviction and we are also aware of defendant's failure to comply with orders of the trial court. Again, the trial court's finding was not against the great weight of the evidence. As to factor (g), nothing in the record leads us to conclude that either party should be favored over the other. In fact, there was seemingly little, if any testimony relative to this factor. Therefore, the trial court's finding that both parties were equal was not against the great weight of the evidence. As to factor (h), the record reveals that defendant's frequent moves while having custody of the minor prohibited the trial court from finding factor (h) in defendant's favor and such a finding was therefore not against the great weight of the evidence. As to factor (i), given the age of the child, this factor was not considered nor argued. As to factor (k), the record revealed that as the case progressed, the parties became increasingly distant from one another; however there was no evidence which would lead the trial court to have concluded that either party was favored. Accordingly, the trial court's finding that the parties were equal was not against the great weight of the evidence. Lastly, as to factor (l), the trial court seemingly did not believe any other factors to be relevant and we cannot glean any other factors from the record which the trial court should have considered. Accordingly, no error can be assigned.

Hence, our review of the record leads us to conclude that the trial court based its rulings on the appropriate standards of review. Furthermore, we find that the trial court created a record

which was sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings. *MacIntyre (On Remand)*, 267 Mich App at 452. Lastly, our review of the record leads us to conclude that the factual findings of the trial court were correct and not against the great weight of the evidence. Nor do we find that the trial court committed a palpable abuse of discretion or a clear legal error on a major issue. Accordingly, we affirm the trial court's custody determination. MCL 722.28; *Pickering*, 268 Mich App at 5.

Defendant also argues that we should remand this case to a different judge because the trial court's errors in addressing MCL 722.23(d) and (j) illustrated that the trial court was unable to rule fairly. Having rejected defendant's assertions on appeal, we consider this argument moot. However, we are mindful that the trial court may be required to involve itself in this matter in the future. Hence, we shall address the issue. MCR 7.216 (A). This Court "may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Bayati v Bayati*, 264 Mich App 595, 602-603; 691 NW2d 812 (2004). Furthermore, "[t]he mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous," is insufficient to show bias or prejudice. *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009). Defendant has not shown that "the original judge would have difficulty in putting aside previously expressed views or findings" or that reassignment to a different court is "advisable to preserve the appearance of justice." *Bayati*, 264 Mich App at 602-603. Simply stated, defendant has not demonstrated any evidence of prejudice or bias by the trial court because the trial court did not act with any prejudice or bias toward defendant. Accordingly, we reject defendant's request to recuse the trial judge in its entirety.

Affirmed. No costs are awarded. MCR 7.219(A).


/s/ William B. Murphy
/s/ Stephen L. Borrello

-7-