*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GLENDA HILL-POUNCY,

Plaintiff-Appellee,

v

EDGAR POUNCY,

Defendant-Appellant.

UNPUBLISHED
March 24, 2020

No. 345891
Wayne Circuit Court
LC No. 17-105618-DO

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right a judgment of divorce dissolving the marriage and distributing the assets of defendant and plaintiff. On appeal, defendant argues that the trial court erred by finding that defendant's settlement proceeds from a motorcycle accident involving defendant were part of the marital estate. We agree and reverse in part and remand.

## I. STATEMENT OF FACTS

Defendant was involved in a motorcycle accident. Plaintiff and defendant were married after the accident. Instead of filing a complaint requesting relief, defendant entered into an agreement releasing the other party to the motorcycle accident from liability for future claims, in exchange for $150,000 in proceeds. Defendant entered into this agreement, and received the resulting proceeds, during his marriage to plaintiff.

Plaintiff filed a complaint requesting a judgment of divorce from defendant. While the parties agreed to the division of most assets following a mediation, plaintiff claimed that the proceeds of the release agreement constituted a marital asset. The trial court agreed with plaintiff, and determined that all proceeds received were marital property subject to equitable division. This appeal ensued.

-1-

## II. DISCUSSION

Defendant argues that the trial court erred when it determined that the entirety of the proceeds received from defendant's release agreement concerning the motorcycle accident were joint marital assets subject to division. We agree.

This Court reviews a trial court's factual findings related to the division of marital property, including whether a particular asset constitutes marital or separate property, under the clearly erroneous standard. MCR 2.613(C); *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992); *McNamara v Horner*, 249 Mich App 177, 182-183; 642 NW2d 385 (2002). "Findings of facts are clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made." *Hodge v Parks*, 303 Mich App 552, 555; 844 NW2d 189 (2014) (quotation marks and citation omitted). Further, this Court "reviews whether a trial court's dispositional rulings are fair and equitable in light of the trial court's findings of fact, but this Court will reverse only if definitely and firmly convinced that the disposition is inequitable." *Id*. (quotation marks and citations omitted). Issues of law are reviewed de novo. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010).

Generally, marital assets are subject to division between the parties as part of a judgment of divorce, but the parties' separate assets may not be invaded. *McNamara*, 249 Mich App at 183. "[P]roperty earned by one spouse while married is presumed to be marital property." *Reed v Reed*, 265 Mich App 131, 156; 693 NW2d 825 (2005). "Proceeds from a personal injury suit meant to compensate for pain and suffering are not joint marital property." *Pickering v Pickering*, 268 Mich App 1, 10; 706 NW2d 835 (2005). Nevertheless, those proceeds can be distributed as part of the property division under MCL 552.23 or MCL 552.401. *Id*. Under MCL 552.23, separate assets may be invaded when the estate awarded to a party to a judgment of divorce is insufficient for the suitable support of that party or any children of the marriage, after consideration of the circumstances of the case. The trial court may also award a party's separate assets to the other party "if it appears from the evidence in the case that the party contributed to the acquisition, improvement, or accumulation of the property." MCL 552.401. Furthermore, "a personal injury settlement may be treated as marital property where the original action included a loss of consortium claim and the settlement check was made payable to both parties and treated by the parties as marital property." *Id*. at 11.

Defendant alleges that the proceeds received from the release agreement were effectively classified as proceeds from a personal injury suit meant to compensate for pain and suffering as contemplated in *Pickering*. *Pickering*, 268 Mich App at 10. Defendant correctly notes that none of the exceptions to the general classification of such proceeds as nonmarital assets applies to the circumstances at issue. Plaintiff did not seek spousal support, the parties agreed to keep all of their separately owned assets with the exception of the proceeds, and there were no children of the marriage; therefore, plaintiff was not in need of a portion of the proceeds to maintain suitable support as necessary for classifying the proceeds as joint marital property under MCL 552.23. Nor did plaintiff contribute to the "acquisition, improvement, or accumulation of the property," because the proceeds came as the result of an accident occurring before the parties' marriage and plaintiff was not identified as a party to the release agreement. MCL 552.401. While the parties differ as to whether plaintiff was involved in defendant's care after the accident, it is clear there

was no loss of consortium claim included in the release agreement, and the settlement check was not made payable to both parties. *Pickering*, 268 Mich App at 11.

Defendant's settlement did release all claims regarding "all known and unknown *personal injuries and property damage* resulting or to result from the accident . . . ." It is true that generally "a right of action has been determined to be property subject to property division." *Gramer v Gramer*, 207 Mich App 123, 125; 523 NW2d 861 (1994). Therefore, proceeds arising from a release of a possible claim for property damage could constitute joint marital property subject to equitable division. But in this case, any property damage involved property owned solely by defendant before the marriage. Therefore, the principle discussed in Gramer does not apply here.

There does remain a separate question of whether the proceeds became marital property through the parties' use of the funds. "[S]eparate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and treated by the parties as marital property." *Cunningham*, 289 Mich App at 202. In evaluating whether a separate asset has transformed into marital property, "[t]he mere fact that property may be held jointly or individually is not necessarily dispositive of whether the property is classified as separate or marital." *Id*. "The actions and course of conduct taken by the parties are the clearest indicia of whether property is treated or considered as marital, rather than separate, property." *Id*. at 209.

In this case, the proceeds were not commingled with plaintiff's finances. Plaintiff did not express disagreement with defendant's assertion that the proceeds were solely within defendant's exclusive bank account during the course of the parties' marriage, nor did she provide evidence to the contrary. While the funds were arguably used for some marital expenses in relation to the parties' wedding and the marital home, defendant pursued "steps to maintain those funds as his individual property[,]" such as personally applying for and paying off the loans funding these expenses, and maintaining exclusive ownership of the marital home. *Cunningham*, 289 Mich App at 207. The trial court noted, as a basis for its determination that the proceeds were part of the marital estate, that "it was spent on marital expenses" such as a wedding ring and a loan for the parties' wedding expenses. Additionally, the trial court stated: "If [defendant] used any of the proceeds during the marriage I'm ruling it's part of the marital estate. I was under the impression that money was sitting there." However, the determination that an asset constitutes marital property does not solely depend on whether money was spent, but rather is based on whether it was commingled as well as "treated by the parties as marital property." *Cunningham*, 289 Mich App at 202. Considering that the proceeds were not commingled with plaintiff's finances, and defendant took steps to maintain the funds as his separate property, the entirety of the proceeds could not have been designated as marital property solely on the basis of how the proceeds were treated by the parties. Therefore, the trial court erred in its determination that the proceeds were joint marital property on the basis of defendant's use of the proceeds during the marriage.

## III. CONCLUSION

The trial court erred by determining that the proceeds were joint marital property. We reverse that portion of the divorce judgment and remand to the trial court with instructions to

enter an amended judgment of divorce that treats those proceeds as defendant's separate property. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola