*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES ROBERT GRIFFITH,

      Plaintiff/Counterdefendant-Appellee,

v

MELISSA LYNN GRIFFITH, also known as
MELISSA LYNN JOHNSON,

      Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
February 25, 2025
11:02 AM

No. 369447
Ottawa Circuit Court
LC No. 23-099965-DO

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Following a bench trial in divorce proceedings, the trial court awarded alimony in gross to defendant and, to plaintiff, two Wells Fargo accounts as separate property. We affirm.

The parties were married in March 2017, and plaintiff filed for divorce in February 2023. Shortly before the scheduled trial in October 2023, defendant's attorney withdrew. The trial court adjourned the trial to give defendant time to obtain new counsel, but defendant represented herself in a bench trial in November 2023.

The parties were the only witnesses who testified at trial. Relevant to this appeal, plaintiff argued that his Wells Fargo accounts were separate property. He testified that the accounts were in his name before the marriage, and his military pay, retirement benefits, and disability were deposited into that account. Plaintiff testified that defendant did not have access to the accounts, although he used the accounts to pay bills throughout the marriage. Defendant agreed that she did not have access to the accounts, but she testified that the parties had always used the accounts for marital expenses, including her credit card.

Defendant did not present any documentary evidence showing the deposits, withdrawals, or balances of the accounts, although testimony showed that she had received hundreds of pages in discovery from plaintiff about the bank accounts. Plaintiff admitted as an exhibit defendant's settlement conference statement from June 2023, in which defendant noted values of the Wells Fargo accounts as of April 2023.

The parties also testified about their relative financial situation, and defendant requested spousal support. Plaintiff earned about $11,000 a month, while defendant was unemployed for much of 2023. Defendant had a history of earning about $23,000 a year as an ophthalmic technician. The parties agreed that plaintiff would keep the marital home, with a payment to defendant for her portion of the equity.

In its judgment of divorce following trial, the trial court awarded the Wells Fargo accounts to plaintiff as his separate property, stating that it had not heard evidence to demonstrate that the funds were marital. With respect to support and alimony, the trial court explained,

SPOUSAL SUPPORT

IT IS FURTHER ORDERED that neither party is entitled to spousal support, and therefore it is neither awarded nor reserved.

The court, on the record, specifically increased the property settlement by $12,000 as alimony in gross.

Plaintiff was further ordered to make an equalization payment to defendant.

Defendant objected to the judgment of divorce on several bases, and the trial court held a hearing to address the issues. The trial court explained that the alimony-in-gross award was due to the parties' income disparity and a consideration of what spousal-support payments might have been, but it wanted to provide payment to defendant sooner because of her need for it. The trial court noted that it was a short-term marriage, and it was "bar[ring] spousal support in the future." Defendant now appeals.

First, defendant argues that the trial court erred by ordering nonmodifiable alimony in gross. This Court reviews de novo questions of law. *Pickering v Pickering*, 268 Mich App 1, 7; 706 NW2d 835 (2005). This Court reviews for an abuse of discretion a trial court's award of support. *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). This Court reviews for clear error a trial court's findings of fact underlying an order regarding support and property distribution. *Olson*, 256 Mich App at 622, 629. A finding is clearly erroneous when this Court is left with a definite and firm conviction that the trial court made a mistake. *Moore v Moore*, 242 Mich App 652, 654-655; 619 NW2d 723 (2000). When a trial court's findings are not clearly erroneous, this Court must determine whether a dispositional ruling was fair and equitable under the circumstances. *Loutts v Loutts*, 298 Mich App 21, 26; 826 NW2d 152 (2012). "We must affirm the trial court's dispositional ruling unless we are convinced that it was inequitable." *Id*.

Spousal support may be "modified upon a showing of changed circumstances." *Moore*, 242 Mich App at 654. Under MCL 552.28, after spousal support has been ordered, a party may move to modify the order, and a trial court may revise the judgment. Alimony in gross, however, "is nonmodifiable absent a showing of fraud." *Bonfiglio v Pring*, 202 Mich App 61, 63; 507 NW2d 759 (1993). Alimony in gross is an award of a specific amount, payable in one lump sum or in defined, periodic payments. *Id*.

In this case, the trial court specifically provided in the judgment that it was not awarding spousal support to either party, but that it was "increas[ing] the property settlement by $12,000 as alimony in gross." The trial court clearly expressed, on the trial date and during the subsequent motion hearing, that it was ordering a nonmodifiable $12,000 award as alimony in gross, rather than as spousal support. Defendant argues on appeal that the trial court could not avoid the modification requirement in MCL 552.28 "simply by changing the label on the award." The trial court, however, explicitly included this award as part of the property settlement. See *Friend v Friend*, 486 Mich 1035, 1035; 783 NW2d 122 (2010).

Defendant further relies on *Staple v Staple*, 241 Mich App 562; 616 NW2d 219 (2000), to argue that spousal support is only nonmodifiable by consent of the parties. In *Staple*, 241 Mich App at 564, this Court held that parties in a divorce settlement could waive the right under MCL 552.28 to modify alimony. That holding only applies to negotiated settlements, however, while MCL 552.28 remains applicable to a trial court's alimony determination. *Id*. at 569. Here, the judgment was the result of a trial, so MCL 552.28 would apply to an alimony determination.

This Court additionally explained in *Staple*, 241 Mich App at 566, however, that "alimony in gross is not really alimony intended for the maintenance of a spouse, but rather is in the nature of a division of property. Accordingly, alimony in gross is considered nonmodifiable and exempt from modification under MCL 552.28." Here, although the trial court noted that defendant had immediate need for the money, the award was not intended for defendant's ongoing maintenance and was, instead, part of the property division, as the trial court explicitly stated.

Finally, defendant argues that the trial court considered the spousal-support factors, but failed to comply with MCL 552.13 and 552.28, "intentionally prevent[ing] the parties from seeking to modify the award." It was appropriate for the trial court to consider these factors to determine whether it should award spousal support, but the trial court's thorough consideration did not require it to order ongoing, modifiable spousal support. Instead, that decision was within the trial court's discretion. See *Olson*, 256 Mich App at 631. The trial court's findings of fact were not clearly erroneous, and its ruling was not inequitable. See *Loutts*, 298 Mich App at 26.

Next, defendant argues that the trial court erred by awarding plaintiff the Wells Fargo accounts as separate property. "The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). The trial court must first, however, determine whether property is marital or separate. *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997). "Generally, assets earned by a spouse during the marriage are properly considered part of the marital estate and are subject to division, but the parties' separate assets may not be invaded." *Korth v Korth*, 256 Mich App 286, 291; 662 NW2d 111 (2002). Income earned during a marriage is generally presumed to be marital property. *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010). Likewise, rights to vested pension, annuity, or retirement benefits are part of the marital estate, subject to division. MCL 552.18(1). See *Pickering*, 268 Mich App at 7-8.

Not all property acquired during marriage, however, is marital property, and property acquired before marriage may become marital property. *Cunningham*, 289 Mich App at 201. When separate assets are commingled with marital assets, and the parties treat the property as

marital, the trial court may properly find that the assets are marital property. See *id*. "The mere fact that property may be held jointly or individually is not necessarily dispositive of whether the property is classified as separate or marital." *Id*. at 201-202.

"The general rule applicable to valuation of marital assets is that the party seeking to include the interest in the marital estate bears the burden of proving a reasonably ascertainable value; if the burden is not met, the interest should not be considered an asset subject to distribution." *Wiand v Wiand*, 178 Mich App 137, 149; 443 NW2d 464 (1989). In *Magee v Magee*, 218 Mich App 158, 165; 553 NW2d 363 (1996), for example, this Court stated that the party seeking to include a pension in divisible marital property bears the burden of proving its value and, "[i]f that party does not meet this burden, then the pension should not be considered an asset subject to distribution." See also *Perrin v Perrin*, 169 Mich App 18, 23; 425 NW2d 494 (1988).

In this case, plaintiff owned the Wells Fargo accounts before the marriage, they were only in his name, and only he deposited into the accounts, which included his military pay and disability. Funds from the accounts were used for some marital expenses, but defendant did not have access to the accounts and did not know how much money was in them when the parties got married. As defendant argues, courts may treat "disposable retired pay," but not his disability pay, as marital property, according to state law. See 10 USC 1408(a)(4)(A) and (c)(1). See also *Foster v Foster*, 505 Mich 151, 163-164; 949 NW2d 102 (2020). There was no showing, however, of what the accounts consisted of at the time of the divorce proceedings, including whether the account held marital funds. Defendant presented values of the account as of April 2023, but there is no indication whether this value differed from when the parties got married or if the account held employment, retirement, or disability pay.

Simply put, defendant failed to support her argument below with sufficient evidence, and she failed to satisfy her burden of proof. Accordingly, the trial court did not clearly err by awarding the accounts to plaintiff as separate property under the information the trial court had before it.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

-4-